AO93 Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

In the Matter of the Search of
3312 W. Polk Street, Apartment 20 Phoenix, Arizona
85009

Case No. 26-5172MB

## SEARCH AND SEIZURE WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of Arizona:

**As further described in Attachment A.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

**As set forth in Attachment B.**

**YOU ARE COMMANDED** to execute this warrant on or before 5/13/26 *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>any United States Magistrate Judge on criminal duty in the District of Arizona</u>.

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized ☐ for _30_ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: Apr. 29, 2026 _____
*Judge's signature*

City and state: <u>Phoenix, Arizona</u> 2:23p-Mt   <u>Honorable Deborah M. Fine, U.S. Magistrate Judge</u>
*Printed name and title*

## ATTACHMENT A

*Property to be searched*

The property to be searched is 3312 W. Polk Street, Apartment 20, Phoenix, Arizona 850091, further described as a second-floor apartment unit. The front door is covered with a security screen. The unit has the number "20" in white to the left of the door.



## ATTACHMENT B

*Items to be searched and seized*

1.    Clemente Chilele-Ramirez

2.    Immigration documents including passports, birth certificates, voter identification cards, military identification cards, driver's licenses, foreign or domestic identification documentation or other evidence of foreign nationality or citizenship.

3.    Utility bills, rent and mortgage payment receipts and other evidence of homeownership or occupancy of Subject Premise.

2

AO 106 Application for a Search Warrant

# UNITED STATES DISTRICT COURT
### for the
### District of Arizona

In the Matter of the Search of
3312 W. Polk Street, Apartment 20 Phoenix, Arizona 85009

Case No. 26-5172mB

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

**As further described in Attachment A**

located in the District of Arizona, there is now concealed:

**As set forth in Attachment B**

The basis for the search under Fed. R. Crim. P. 41(c) is:

☒ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☒ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code/Section | Offense Description |
| --- | --- |
| 8 U.S.C. § 1326 | Re-entry of a Removed Alien |

The application is based on these facts:

**See attached Affidavit of ICE Detention Officer Tamer W. Marji**

☒ Continued on the attached sheet.

☐ Delayed notice of _30_ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Reviewed by AUSA Ryan McCarthy

*Ryan McCarthy*
Digitally signed by RYAN MCCARTHY
Date: 2026.04.29 12:13:00 -07'00'

*Tamer W Marji*    4/29/2026 12:09 pm
*Applicant's Signature*

Tamer W. Marji, Detention Officer, ICE
*Printed name and title*

Electronically signed and telephonically sworn.

Date: _Apr. 29, 2026_

*Judge's signature*

City and state: Phoenix, Arizona

2:23pm

Honorable Deborah M. Fine, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

*Property to be searched*

The property to be searched is 3312 W. Polk Street, Apartment 20, Phoenix, Arizona 850091, further described as a second-floor apartment unit. The front door is covered with a security screen. The unit has the number "20" in white to the left of the door.



## ATTACHMENT B

*Items to be searched and seized*

1.    Clemente Chilele-Ramirez

2.    Immigration documents including passports, birth certificates, voter identification cards, military identification cards, driver's licenses, foreign or domestic identification documentation or other evidence of foreign nationality or citizenship.

3.    Utility bills, rent and mortgage payment receipts and other evidence of homeownership or occupancy of Subject Premise.

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

Your Affiant, Tamer W. Marji, being first duly sworn, hereby deposes and states as follows:

### I.   INTRODUCTION AND AGENT BACKGROUND

1. Your Affiant makes this Affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the premise located at 3312 W. Polk Street, Apt. 20, Phoenix, Arizona 85009 (hereinafter the "**Subject Premise**"), as further described in Attachment A, in order to search for and seize the items outlined in Attachment B, which represent evidence, fruits, and/or instrumentalities of the criminal violations further described below.

2. I am an ICE Deportation Officer. I have learned the facts recited herein from direct participation in the investigation and from the reports and communications of other agents and officers.

3. The statements contained in this Affidavit are based information derived from your Affiant's personal knowledge, training and experience; information obtained from the knowledge and observations of other sworn law enforcement officers, either directly or indirectly through their reports or affidavits; surveillance conducted by law enforcement officers; and analysis of public records.

4. Because this Affidavit is being submitted for the limited purpose of establishing probable cause for the requested warrant, your Affiant has not set forth all of the relevant facts known to law enforcement officers.

### II.   BASIS FOR PROBABLE CAUSE

5. On April 29, 2026, at approximately 06:00 am, the Phoenix ICE Joint Operation Group began surveillance on Clemente CHILEL-RAMIREZ at **Subject Premise**. Investigators are immigration officials with access to immigration records. Investigators are aware that CHILEL-RAMIREZ is a citizen of Guatemala and a previously

deported alien. CHILEL-RAMIREZ was removed from the United States to Guatemala through Phoenix, Arizona on or about September 9, 2016, pursuant to a final order of removal issued by an Immigration Official. Investigators have access to CHILEL-RAMIREZ's removal documents that include color photographs of CHILEL-RAMIREZ.

6.      Investigators had reason to believe CHILEL-RAMIREZ lives at **Subject Premise** due to multiple vehicle registrations. Specifically, investigators identified a Gold 2006 Toyota Corolla bearing Arizona Plate 0VA7SR (hereafter "Corolla") parked near the apartment that is registered to CHILEL-RAMIREZ as the owner and the vehicle is registered to the **Subject Premise** address.  Investigators also located silver 2002 Honda Civic bearing Arizona plate J7A0CR (hereafter "Civic") parked near **Subject Premise** that was also registered to CHILEL-RAMIREZ and at the **Subject Premise** address.

7.      On April 29, 2026, at approximately 7 am, Deportation Officer Rorro was positioned approximately 50 yards from the door of **Subject Premise**. Officer Rorro was utilizing binoculars to observe **Subject Premise**. Officer Rorro initially observed two females exit **Subject Premise** and walk toward the Civic parked on the street near the apartment. Officer Rorro observed the females notice that one of the tires on the Civic was flat. One of the females made a call on her cellphone. Officer Rorro then observed a male subject wearing a white shirt and black hat exit **Subject Premise**. Based on prior removal documents, Officer Rorro positively identified the male subject as CHILEL-RAMIREZ. Officer Rorro observed CHILEL-RAMIREZ standing near the Civic with the females. Officer Rorro continued to observe as CHILEL-RAMIREZ and the females proceeded to walk to the Corolla parked nearby. CHILEL-RAMIREZ was observed entering the driver seat of the Corolla along with the two females. At this point, a third female was observed exiting **Subject Premise** and she also entered the Corolla.

8.      Investigators observed the Corolla drive away from **Subject Premise**.  The surveillance team closely followed the Corolla. Deportation Officer Steven T. Case

2

initiated a vehicle stop in the vicinity of South 43rd Avenue and West Gibson Lane. Each ICE Officer present on the team wore high visibility markings on their outer garments and donned the emergency lights on their vehicles. The Corolla failed to yield and continued at a high rate of speed. At this time, Officers disengaged from the stop. Officers near the residence identified the vehicle on West Buckeye Road and followed it back to **Subject Premise**. Investigators observed CHILEL-RAMIREZ and the three (3) female passengers abandon the Corolla on West Polk Street and enter **Subject Premise**.

9.      Investigators have maintained surveillance on **Subject Premise** since this morning and have not observed CHILEL-RAMIREZ exit **Subject Premise** by the time of submitting this warrant application.

10.     Immigration history checks revealed CHILEL-RAMIREZ to be a citizen of Guatemala a previously deported alien. CHILEL-RAMIREZ was removed from the United States to Guatemala through Phoenix, Arizona on or about September 9, 2016, pursuant to a final order of removal issued by an Immigration Official. There is no record of CHILEL-RAMIREZ in any Department of Homeland Security database to suggest that he obtained permission from the Secretary of the Homeland Security to return to the United States after his last removal. CHILEL-RAMIREZs' immigration history was matched to him by electronic comparison.

11.     Based on my training, education, experience and discussions with other federal agents, I know:

a.      That undocumented aliens often possess passports, birth certificates, voter identification cards, military identification cards, driver's licenses or other evidence of foreign nationality or citizenship.

b.      That undocumented aliens who possess foreign identification documents and other evidence of alienage usually do not carry those documents on their person in order to avoid detection by law enforcement.

3

c.      That undocumented aliens maintain foreign identification documents and other evidence of alienage in their residences or motor vehicles.

d.      That individuals often keep pay stubs, work identifications and other evidence of their employment, as well as utility bills, rent and mortgage payment receipts and other evidence of homeownership or occupancy in their homes and vehicles, and in the case of an alien who has returned to the United States after being removed therefrom, such items constitute evidence of that individual's voluntary presence in the United States.

12.     For these reasons, this affiant summits that there is probable cause that investigators will locate CHILEL-RAMIREZ and evidence of re-entry of a removed alien in Subject Premises. The presence of CHILEL-RAMIREZ in the United States is evidence supporting a re-entry of a removed alien charge. Furthermore, in your Affiant's training and experience, individuals will often possess identification and immigration documents at their residences that will assist investigators in establishing the identity of an alien and proof of an individual's alienage.

*Tamer W Marji*                                    4/29/2026 12:10 pm
_____
Officer Tamer W. Marji
ICE Detention Officer


Subscribed electronically and sworn telephonically on this __29__ day of
__April__, 2026. @ 2:23p.M

_____
HONORABLE DEBORAH M. FINE
United States Magistrate Judge


4